IN THE MATTER OF
THE REGISTRATION OF
THE MATAI TITLE "FAIIVAE" OF
THE VILLAGE OF LEONE, AMERICAN SAMOA

No. 1288-1972

High Court of American Samoa

Civil Jurisdiction, Land and Titles Division

October 6, 1972

Heard before A. P. LUTALI, *Associate Judge,* presiding; U. GALOIA and APE POUTOA, *Associate Judges,* upon stipulation of all parties.

PARTIES AND APPEARANCES

Counsel for Tuiloma S. Faiivae, Atofau Kelemete.
Counsel for Eni Hunkin, Mariota T. Tuiasosopo.
Counsel for Agaese Tago, Atonio Mailo.
Counsel for Anaoso Sio, Salave'a Senio.
Counsel for Apelu Galea'i, Ivi S. Pele and Mageo Meauta Atufili.
Counsel for Leseali'i F. Hunkin, Lafi Toelupe.
Counsel for Aumavae Tusi, Pita F. Sunia.

This action concerns the registration of the matai title Faiivae of the village of Leone, Tutuila, American Samoa. Tuiloma S. Faiivae filed his application with the Territorial Registrar to be registered as the holder of the matai title Faiivae on June 1, 1972. Eni Hunkin filed his application

on June 27, 1972. Apelu Galea'i filed his application on July 28, 1972. Agaese Tago filed his application on July 31, 1972. Anaoso Sio filed his application on July 31, 1972. Leseali'i F. Hunkin filed his application on August 1, 1972, and Aumavae Tusi filed his application on August 1, 1972. Each of the seven (7) applicants filed a petition signed by at least twenty-five (25) blood members of the Faiivae family supporting his candidacy as required under Sec. 6.0104 of the Revised Code of American Samoa.

Section 6.0101 of the Code sets out the basic qualifications which a person must have to be eligible to succeed to a matai title. It is clearly established from the evidence that each of the seven candidates is eligible to be registered as the holder of a matai title.

During the Pre-Trial Conference a stipulation was entered and agreed to by all seven candidates that each and every one of them is a descendant of the Faiivae matai title.

Section 6.0107 of the Code sets out the considerations which shall guide the Court in determining which of the opposing candidates shall be registered as the holder of a matai title. It reads as follows:

CONSIDERATION GIVEN BY THE COURT: In the trial of matai title cases, the High Court shall be guided by the following considerations, in the priority listed:

First: The best hereditary right in which the male and female descendants shall be equal in families where this has been customary, otherwise the male descendant shall prevail over the female.

Second: The wish of the majority or plurality of those clans of the family as customary in that family.

Third: The forcefulness, character, personality, and knowledge of Samoan customs.

Fourth: The value of the holder of the matai title to the family, the village, and the country.

Each of the seven candidates filed his pedigree with the Court and testified and argued with respect to his descent from a former holder of the Faiivae title. Candidate Tuiloma S. Faiivae is the son of Faiivae Vili II and he has $\frac{1}{2}$ Faiivae blood. Candidate Eni Hunkin is the son of Katafelu the son of Faiivae Ioane and he has $\frac{1}{4}$ Faiivae blood. Candidate Leseali'i F. Hunkin is the son of Fiavivini the son of Faiivae Vili I and he has $\frac{1}{4}$ Faiivae blood. Candidate Apelu Galea'i II is the son of Apelu Galea'i I the son of Saili the daughter of Tovea the daughter of Faiivae Tuitagivale and he has $\frac{1}{16}$ Faiivae blood. Candidate Anaoso Sio is the son of Tulili the daughter of Melea the son of Saetoesua the daughter of Vaivaiopua'a the daughter of Faiivae Sooto and he has $\frac{1}{32}$ Faiivae blood. Candidate Aumavae Tusi is the son of Aumavae Lui the son of Mele the daughter of Fatumalala the daughter of Vaivaiopua'a the daughter of Faiivae So'oto and he has $\frac{1}{32}$ Faiivae blood. Agaese Tago is the son of Pai'a the daughter of Leti Tago the son of Neli the son of Tu'umasina the daughter of Faiivae Niulaititi and he has $\frac{1}{32}$ Faiivae blood.

It follows therefore that Tuiloma S. Faiivae with $\frac{1}{2}$ Faiivae blood in his veins prevails on the issue of hereditary right over all other candidates for the title. We hold that Eni Hunkin and Leseali'i Hunkin have equal rights with each possessing $\frac{1}{4}$ Faiivae blood and thus rank second on this issue. We further hold that Apelu Galea'i with $\frac{1}{16}$ Faiivae blood ranks third, and Anaoso Sio, Aumavae Tusi, and Agaese Tago are on a parity in the fourth place with each having $\frac{1}{32}$ Faiivae blood.

In the matter of clans, there was conflict not only on the number of clans favoring each individual candidate, but there was also disagreement as to the number of clans in the Faiivae family.

The provision in the Code reads: "The wish of the majority or plurality of those clans of the family as customary in that family." The Legislature of American Samoa, either in its wisdom or as a result of an oversight, failed to define the word "clan." There are different theories as to what a clan means. Some argue that the number of clans in the family is determined by the number of offsprings of the original holder of the title, and that each of the children of the original holder who gets married, and has children constitutes a clan, no matter how long the title has been in existence or how many different families there are. Another theory is that there are as many clans in the families as there have been holders of the title, each holder of the title giving origin to another clan. Still another theory is that the number of clans depends on the number of families of the different title holders with the restriction that when two or more brothers or sisters hold the title consecutively, it should count only as one clan.

Candidate Tuiloma S. Faiivae presented evidence and testified that there are nine (9) clans in the Faiivae family, namely: Faiivae Pauna, Faiivae Sipai, Faiivae Leka, Faiivae Vili I, Faiivae II, Faiivae Ioane, Faiivae Leo'o, Faiivae Tialuga, and Matau, the female clan. He further testified that there are other clans in the Faiivae family, namely: So'oto, Tuitagivale, and Niulaititi. Candidate Eni Hunkin presented evidence that there are three (3) clans in the family. These clans are Leka, Ioane, and Vili. On the witness stand he admitted that there are other clans in the family, namely: Mele, Matau, Taeleifi, and Saetoesua. Candidate Agaese Tago submitted evidence and testified that Niulaititi and Liafasa are the only two (2) clans in the Faiivae family and both clans are supporting him. He admitted under oath that there are other clans in the family. Candidate Anaoso Sio presented evidence and

74

testified and argued that there are six (6) clans in the Faiivae family. These clans are Saetoesua, Fatumalala, Vili, Mele, Ioane, and Tuitagivale. He testified, however, that he is supported by the Saetoesua clan only. Candidate Apelu Galea'i presented evidence and testified that there are three (3) clans in the Faiivae family and these clans are Taeleifi, Fatumalala, and Saetoesua. He testified that he is supported by the Taeleifi and Saetoesua clans. Candidate Leseali'i F. Hunkin presented evidence and testified that there are eight (8) clans in the Faiivae family, namely: Saetoesua, Fatumalala, Taeleifi, Matau, Ioane, Leta, Mele and Vili. He further testified that there are other clans descended from holders of the Faiivae title who preceded Faiivae Sooto.

This Court is reluctant to accept the testimony of Aumavae Tusi and others, as well as the arguments of their respective counsels, that the three (3) descendants of Faiivae Sooto; namely, Fatumalala, Saetoesua, and Tuitagivale, gave origin to the seven (7) clans presently recognized by the Faiivae family. They argued that Fatumalala married a Matthew Hunkin and begot five children who gave rise to five separate clans. They further argued that all the children of Saetoesua constituted one clan and those of Tuitagivale, another. Under this theory, descendants of Fatumalala with their five clans enjoy an unfair advantage, and in fact dominate the affairs of the Faiivae family over descendants of both Saetoesua and Tuitagivale. It is the unanimous feeling of this Court that all members of a Samoan family must enjoy equal rights and privileges under the family clan system. The fact that the last five (5) consecutive holders of the Faiivae title were all descendants of Fatumalala clearly shows their dominant position in affairs of the Faiivae family. We believe that descendants of Saetoesua and Taeleifi must

75

have the same rights and privileges in the affairs of the Faiivae family as the descendants of Fatumalala.

This Court does not propose—and it would not, even if it could—to advise the Legislature on the wording of this or any other statute, but we believe that until the term "clan" is defined or clarified, the question of interpretation will be up to the Court, and we would not hesitate to give it a definite interpretation when it shall become absolutely necessary unless the Legislature makes its own clarification.

Three of the candidates testified that they are supported by the Saetoesua clan; two testified that they are supported by the Tuitagivale clan; two testified that they are supported by the Ioane clan; another two testified that they are supported by the Niulaititi clan; still another two testified that they are supported by the Fatumalala clan.

If the Court is to believe the evidence, by the majority of the candidates, that various members of the same clan favored different candidates, then this Court is confronted with the necessity of disregarding consideration 2 of R.C.A.S. Sec. 6.0107, "The wish of the majority or plurality of those clans of the family as customary in that family," the reason being that one clan cannot be dissected or divided amongst several candidates. As a matter of fact, Ivi S. Pele, counsel for Apelu Galea'i, and Mariota Tuiasosopo, counsel for Eni Hunkin, specifically asked the Court to disregard the clan consideration. This Court is discounting the issue of the number of clans, not because we accept the proposal put forth by counsels Ivi S. Pele and Mariota Tuiasosopo, but because this Court can arrive at a definite selection of the holder of the title Faiivae without the necessity of committing itself to any definition of the word "clan."

This Court is of the unanimous opinion that all seven (7) candidates rank equally in the number of clans favoring them and that the consideration of the number of clans favoring each candidate should be and the same is hereby discounted for the purpose of selecting the new holder of the Faiivae title.

After considering the testimony, evidence and arguments, and taking into specific account the demeanor, personality, presence of mind, the clarity, speed and correctness with which the answers were given, the sincerity and self-confidence, and other qualities reflected from the speech and behavior of the individual candidates on the witness stand, it is the unanimous opinion of this Court that Agaese Tago and Apelu Galea'i II are on a parity in the first place in the matter of forcefulness, character, personality, and knowledge of Samoan customs. This Court is further of the opinion that Eni Hunkin, Aumavae Tusi, and Tuiloma S. Faiivae are equal in the second place, and that Leseali'i F. Hunkin and Anaoso Sio rank third in the same category.

Agaese Tago testified that he is 33 years old; that he is now the Government Comptroller; that he receives a salary of about $17,400.00; that he is in charge of seven (7) different activities in the Department of Administrative Services in the Government of American Samoa; that he directly supervises 70 employees. He further testified that he is a college graduate with a degree in accounting; that he also did internship work in accounting before returning to American Samoa. He further testified that he is the President of the American Samoa College Foundation; that he belongs to other social groups and activities; that he at one time taught at the Community College. He further testified that he renders services to the Faiivae family via Sesi and Poloa; that he is not a matai; that he

has never been a matai; and that he is married and lives in Tafuna.

Apelu Galea'i II testified that he is 43 years old; that he is at present the Director of the Office of Tourism of the Government of American Samoa; that his present salary is about $12,000.00; that he was directly responsible for the development of the golf course. He testified that he is a college graduate with a degree in speech communication; that he graduated from the local high school; that he attended the Suva Medical School but did not finish it. He further testified that prior to his employment by the government he was a businessman; that he established the American Samoa Commission Agency and other businesses which are still in operation; that he receives dividends from these companies; that he also receives an income from real estate. He further testified that he is a lay preacher in his church; that he is involved in youth development programs; that he is a member of other social and political groups. He further testified that he was a matai for eight (8) years in the Faiivae family holding the title Tuitagivale, a lesser matai in the said family; that he is familiar with the affairs of the family and participates actively in family projects; that being the youngest matai he was always given the responsibility of distributing food in family gatherings; that he renders services to the Faiivae title. He further testified that he is married; that his wife has an income; that he has children and resides in the village of Aua at the present time.

Eni Hunkin testified that he is 57 years old; that he is at present attending the Community College; that he is the Student Body President; that he attended the Marist Brothers School and later the Leala Junior High School; that he receives a check from the Veterans Administration for educational benefits under the G.I. Bill. He testified that

he served in the United States Navy for about twenty (20) years; that he retired with an Honorable Discharge; that he resided in the states after retirement from the Navy to send his children to school; that while in the Navy he was awarded several commendations; that he also received the good conduct medal; that he was a radio technician; that he also receives a retirement check from the Navy. He further testified that he holds several important positions in his church. He further testified that he renders services to the Faiivae family; that he resides at Vailoatai; that he is married and four of his children are college graduates; that he is not a matai and has never been a matai.

Aumavae Tusi testified that he is 52 years old; that he is now a student in the Community College; that he is the President of the Veterans Group in the school; that he attended the Marist Brothers School; that he receives a check from the Veterans Administration for educational benefits under the G.I. Bill; that in addition he also receives a retirement check from United States Marine Corps. He testified that he served in the United States Marines from which he retired with an Honorable Discharge. He testified that at one time he was employed by the government as an electrician; that he resigned to go into private work; that he still has his private electrical services. He further testified that he renders services to the Faiivae family; that he participates directly in affairs of the said family; that he assisted the late holder of the Faiivae title in building the present guest house. He further testified that he is a member of the Leone Water Commission; that he often takes his own children to clean the village reservoir. He further testified that he is a member of the village curfew committee; that he uses his own car to inspect the village during curfew hours. Lastly he testified that he has

rendered services to the Faiivae family; that he is married; that he resides in Leone.

Leseali'i F. Hunkin testified that he is 52 years old; that he is the leading young man for the Faiivae title; that he resides in the Faiivae family; that he has rendered services to the Faiivae family all his life; that he has never left the family. He testified that he attended the Marist Brothers School and further testified that he works for the government of American Samoa as a heavy equipment operator; that his take home pay every two weeks is about $147.00. He further testified that he has a plantation; that he sometimes sells his produce in the market; that at one time he earns about $179.00 one week. He testified also that he is not a matai, and that he has never been a matai; that he is married and have [sic] children.

Anaoso Sio testified that he is 48 years old; that he lives in Leone; that he is a matai in the Tuiteleleapaga family; that he has been a matai for about 7 years. He testified that he is employed as a carpenter; that his take home pay is approximately $114.00 every pay [sic]. He testified that he attended the Marist Brothers School; that he later attended vocational classes at the Le'ala Junior High School. He further testified that he is married and lives in Leone; that he renders services to the Faiivae family; that he participates in Faiivae family affairs.

Tuiloma S. Faiivae testified that he is 66 years old; that he is the proprietor of the Island Moon Bar in Fagatogo; that he is a matai in the Faiivae family. He further testified that he retired from the Navy with an Honorable Discharge; that he receives a retirement check; that he also receives an income from the bar, although he was unclear as to the exact amount. He further testified that he attended the Marist Brothers School. He further testified that he renders services to the family; that he is the only candidate

presently residing on Faiivae land; that he is married and he has children.

With respect to the issue of the value of the individual candidate to the family, the village, and the country, we think, from the evidence and the testimony, particularly in view of the capacity for leadership already demonstrated by Agaese Tago and Apelu Galea'i II, that these two candidates would be of more value to the family, the village, and the country. It is our unanimous opinion that they rank first in this consideration. It is further our unanimous opinion that Eni Hunkin and Aumavae Tusi are equal in the second place, and that Tuiloma S. Faiivae, Leseali'i F. Hunkin, and Anaoso Sio are on an equality in the third place.

We note from the evidence that Agaese Tago, 33 years old, and Apelu Galea'i II, 43 years old, are college graduates, and that each of them is occupying a position of leadership and great responsibility not only in the government but in other social capacities. This Court is aware that being a college graduate is no guarantee whatever for leadership. Some college graduates become leaders, most do not. The evidence before the court shows, however, that both Agaese Tago and Apelu Galea'i II have already demonstrated and proven their leadership qualities. That the other candidates may become leaders in the future is pure conjecture.

We further note from the evidence that Eni Hunkin, 57 years old, and Aumavae Tusi, 52 years old, are both students in the Community College, and that they will continue to be in school during the next two or three years. We also note from the evidence that Tuiloma S. Faiivae, 66 years old, is obviously in his declining years, and that Leseali'i F. Hunkin, 52 years old, and Anaoso Sio, 48 years

81

old, have not advanced with any significance during the past 25 years.

This Court has said many times before that the value of the holder of the matai title to the family, the village, the people of American Samoa and the government depends primarily upon his ability to handle the affairs of the family and that in turn depends upon his forcefulness, character, personality, and capacity for leadership. *Fa'amalolo et al. v. Liligo Letuli*, No. 25-1956 (High Court of American Samoa). *Pito Tufono v. Kisi*, No. 17-1958 (High Court of American Samoa). Demonstrated leadership, in our opinion, takes precedence over potential leadership.

We have already stated that in the matter of the hereditary right, Tuiloma S. Faiivae ranks in the first place and thus prevails over Eni Hunkin and Leseali'i F. Hunkin who are equal in the second place, and Apelu Galea'i II who ranks third, and Agaese Tago, Aumavae Tusi, and Anaoso Sio who are on an equality in the fourth place.

We also have already stated that all seven (7) candidates rank equally in the consideration of the number of clans favoring each candidate. This holding has the effect of this consideration being discounted in the selection of the Faiivae title holder, leaving only the remaining three issues to be considered.

Since we hold that Agaese Tago and Apelu Galea'i II are equal in the first place in the third and fourth issues, with Apelu Galea'i II prevailing over Agaese Tago in the first issue (hereditary right), Tuiloma S. Faiivae ranking first in this issue, it follows therefore, that he, the said Apelu Galea'i II, should be registered as the holder of the Faiivae title attached to the village of Leone, Tutuila, American Samoa. However, before he can be registered as the Faiivae, he must resign from any other matai title he may be presently holding.

82

Accordingly, it is the unanimous decision of this Court, and it is hereby ORDERED, ADJUDGED AND DE-CREED that Apelu Galea'i II be registered as the holder of the matai name Faiivae, upon his resignation from any other matai title he may presently hold within 30 days from the date of this Decree.

The Territorial Registrar will be advised of this Decision. Costs in the amount of $100.00 are hereby assessed against Tuiloma S. Faiivae, Eni Hunkin, Leseali'i F. Hunkin, Aumavae Tusi, Agaese Tago, and Anaoso Sio, each of them paying the amount of $16.67 within 15 days from the date of this Decree.